An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1237

NORTH CAROLINA COURT OF APPEALS

Filed: 17 June 2014

STATE OF NORTH CAROLINA

v.

Madison County
No. 12 CRS 50550

THEODORE JAMES EARLE

Appeal by Defendant from judgment entered 6 May 2013 by Judge Bradley B. Letts in Superior Court, Madison County. Heard in the Court of Appeals 3 June 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Elizabeth N. Strickland, for the State.*

> *Jarvis John Edgerton, IV for Defendant.*

McGEE, Judge.

Theodore James Earle ("Defendant") was convicted of making a false bomb report and misuse of the 911 system. Defendant received a minimum sentence of four months and a maximum of fourteen months, suspended. Defendant appeals.

The evidence at trial tended to show that, on the morning of 30 June 2012, Defendant was camping with two friends at the Hot Springs campground ("the campground") in Madison County. Defendant called 911 to report seeing "a bomb type item stuck

underneath the railroad trestle." Local law enforcement officers responded to the campground to investigate. The officers searched the area for approximately an hour, but did not find a bomb. The officers escorted Defendant to the railroad trestle ("the trestle") and Defendant identified the area where he claimed to have seen the bomb. However, no bomb was located in that area. Once the officers determined there was no "bomb type item" under the trestle, they arrested Defendant and his two friends. At the time of Defendant's arrest, he was administered an alka-sensor test that indicated the presence of alcohol in his system.

At trial, Defendant's psychiatrist, Dr. Ricardo Bierrnbach ("Dr. Bierrnbach"), testified that Defendant suffered from "attention deficit, hypertension disorder, major depression disorder, and general anxiety with panic attacks[,]" and that he had prescribed "a number of medications . . . includ[ing] Vyvanse[,]" for Defendant to help address his symptoms. Dr. Bierrnbach testified that Vyvanse, particularly when combined with alcohol, could cause a "[p]sychosis [] present[ed] [] in the form of hallucinations."

Defendant asked Dr. Bierrnbach if, in his expert opinion, he believed Defendant was, in fact, "suffering [from] some sort of hallucination" at the time of the incident. The State

objected and the trial court sustained the objection. Subsequently, the trial court allowed Dr. Bierrnbach to testify to the possibility of hallucinations occurring when prescription drugs and alcohol were mixed.

In Defendant's sole argument on appeal, he contends the trial court erred by preventing Dr. Bierrnbach from giving his expert opinion concerning whether Defendant was suffering from hallucinations at the time Defendant placed his call to 911. We disagree.

We must first determine if Defendant has preserved this argument for appellate review. It is well settled that "[t]o prevail on a contention that evidence was improperly excluded, either a defendant must make an offer of proof as to what the evidence would have shown or the relevance and content of the answer must be obvious from the context of the questioning." *State v. Geddie*, 345 N.C. 73, 95, 478 S.E.2d 146, 157 (1996) (citation omitted). "This Court has explained that '[t]he reason for such a rule is that the essential content or substance of the witness' testimony must be shown before we can ascertain whether prejudicial error occurred.'" *State v. Jacobs*, 195 N.C. App. 599, 609, 673 S.E.2d 724, 730 (2009) (citation omitted).

Specifically, Defendant argues that Dr. Bierrnbach should have been allowed to answer the following question: "Based on your expert knowledge and your experience in treating [Defendant] and knowing what happened on [30 June 2012], do you believe, in spite of the event, he was suffering some sort of hallucination?"

Defendant contends Dr. Bierrnbach's excluded testimony would have tended to show that Defendant "suffered from hallucinations during a psychotic episode on [30 June 2012] caused by the mixture of the legally prescribed drug Vyvanse and alcohol." The trial court sustained the State's objection, preventing Dr. Bierrnbach from answering the question. "In the absence of an adequate offer of proof, '[w]e can only speculate as to what [Dr. Bierrnbach's] answer would have been.'" *State v. Barton*, 335 N.C. 741, 749, 441 S.E.2d 306, 310-311 (1994) (citation omitted). Although it is clear the answer Defendant was attempting to elicit from Dr. Bierrnbach, and while Defendant contends Dr. Bierrnbach's excluded expert testimony was readily apparent, Dr. Bierrnbach might have responded to the inquiry in a different manner than Defendant expected. "It is speculative for this Court to attempt to presume [a witness'] testimony." *State v. Atkins*, 349 N.C. 62, 79, 505 S.E.2d 97, 108 (1998); *see State. v. Lawrence*, 352 N.C. 1, 21-22, 530

S.E.2d 807, 820 (2000).

Because "[t]he answer to [D]efendant's question was not evident, and '[t]he substance of the excluded testimony was not necessarily apparent from the context within which the question was asked[,]'" *State v. Williams*, 355 N.C. 501, 534, 565 S.E.2d 609, 629 (2002) (citation omitted), "[D]efendant has waived his right to challenge th[is] ruling[] on appeal." *Jacobs*, 195 N.C. App. at 609, 673 S.E.2d at 730 (citation omitted). Defendant's argument is without merit.

No error.

Judges HUNTER, Robert C. and ELMORE concur.

Report per Rule 30(e).